UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL LISNEK and 31417 PROPERTIES LLC, an Indiana Limited Liability Corporation, and PAXSON PROPERTIES LLP, an Indiana Limited Liability Partnership,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LAW OFFICE OF MARCO A. MOLINA and MARCO A. MOLINA,<br>　　　　　Defendants. | CAUSE NO.: 2:20-CV-20-PPS-JPK |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Alternative Service of Process [DE 28], filed on November 11, 2020. The motion requests leave to serve Defendants Marco A. Molina and the Law Office of Marco A. Molina with Plaintiffs' Amended Complaint [DE 16] and alias summonses by alternative means, namely "regular mail," certified mail, and email, directed to the addresses stated in the motion. For the reasons explained below, Plaintiff's motion [DE 28] is GRANTED IN PART AND DENIED IN PART to allow Plaintiffs to serve their Amended Complaint and alias summonses by first class mail, certified mail, and email, directed to the addresses stated in the motion as requested, in addition to leaving copies of the Amended Complaint and alias summonses at the residential and business addresses stated in the motion, as allowed in the Indiana Rules of Trial Procedure and Indiana case law.

## DISCUSSION

Plaintiffs originally filed this action on January 15, 2020, asserting a claim for professional negligence against both Defendants. (ECF No. 1). Returns of service filed on March 16, 2020, indicate personal service on both Defendants at the business address for the Law Office of Marco

A. Molina, which is alleged to be a sole proprietorship. (*Id*. at ¶ 7; ECF Nos. 5-6; ECF No. 16 at ¶ 7). Default was then entered against both Defendants on April 15, 2020, when neither Defendant answered or appeared. (ECF Nos. 7-8). After seeking two extensions of time to file a motion for default judgment, Plaintiffs then sought and obtained leave to amend their complaint, adding claims for breach of fiduciary duty, attorney deceit, constructive fraud, and conversion against both Defendants. (ECF Nos. 9-16). The Court thereafter granted Plaintiffs until December 14, 2020, to serve their Amended Complaint and alias summonses on both Defendants. (ECF No. 27).

The instant motion explains that Plaintiffs have attempted without success to serve Defendants personally with the Amended Complaint and alias summonses at the same business address for the Law Office of Marco A. Molina where Defendants were previously served, and have also made several unsuccessful attempts to effect personal service at a residential address obtained for Defendant Marco A. Molina. (ECF No. 28, ¶¶ 8-10; *see also* ECF Nos. 25-26). Plaintiffs also explain that they have been unable to determine any other addresses where Defendants might be found. (*Id*. at ¶ 11). Accordingly, as Fed. R. Civ. P. 4(e)(1) provides for service in this case under Indiana state law, Plaintiffs seek leave to serve Defendants under Indiana Trial Rule 4.14, which allows for alternative service under special order of court. Specifically, Plaintiffs seek leave to serve Defendants by "regular" and certified mail at the residential and business addresses for Defendants listed in the motion, as well as electronic service to the last known email address previously used to communicate with Defendants. (ECF No. 28, ¶ 14).

In addition to Indiana Trial Rule 4.14's allowance of service by special order of court, Indiana Trial Rule 4.1 further provides that service "may be made upon an individual" by, among other means, "leaving a copy of the summons and complaint at his dwelling place or

2

usual place of abode" and then mailing a copy of the summons and complaint to his last known address by first class mail. Indiana case law indicates that a sole proprietorship may be served in accordance with Indiana Trial Rule 4.1 as well, thus allowing for service by similarly delivering a copy of the summons and complaint to the proprietor's dwelling place or usual place of abode, followed by first class mail to the same address. *See Washington v. Allison*, 593 N.E.2d 1273, 1275 (Ind. Ct. App. 1992) (a sole proprietor "qualifies him as an individual within the meaning of T.R. 4.1"). But the same case law further clarifies that these service rules are discretionary, given their provision that service "may be made" in the manner set forth; what matters is whether the method used "is reasonably calculated to inform the person to be served that an action has been instituted against him," consistent with due process. *Id.* (quoting Indiana Trial Rules 4.1 and 4.15(F)); *see also Swaim v. Moltan Co.*, 73 F.3d 711, 720-21 (7th Cir. 1996) (same, citing *Washington*, and observing: "Service of process that is reasonably calculated to inform, consistent with the letter of Trial Rule 4.15(F), is sufficient even if it fails to actually inform the party to which it is directed."). Thus, in *Washington*, service by delivering and mailing a copy of the summons and complaint to a sole proprietor's business address was also sufficient. *Washington*, 593 N.E.2d at 1276.

Given the foregoing case law and Indiana Trial Rules, this Court concludes that Plaintiffs may use alternative means of serving Defendants with the Amended Complaint and alias summonses, including certified mail to the residential and business addresses listed in the motion and electronic service to the email address listed in the motion. But additionally, in an abundance of caution, the Court further directs that service also be made by leaving copies of the summonses and Amended Complaint for both Defendants at both the residential address for Defendant Marco A. Molina and the business address for the Law Office of Marco A. Molina listed in the motion,

3

followed by mailing copies of those materials to the same addresses via first class mail, as provided in Indiana Trial Rule 4.1 and utilized in *Washington supra*. In addition to seeking to assure effective service, this abundance of caution is also meant to account for possible business and other disruptions due to ongoing spread of COVID-19. While Plaintiffs' motion indicates that no one has been present at either address during the service attempts made since Plaintiffs' Amended Complaint was filed, service was previously made at the same business address, and that address now displays a sign stating that it operates "By Appointment Only" (ECF No. 28 at ¶ 8), indicating at least some continuing activity there. And, as noted above, Plaintiffs have been unable to determine any other residential or business address for Defendant Marco A. Molina or his Law Office. (*Id*. at ¶ 11). The Court therefore concludes that these addresses are appropriate to use for continued service efforts, but those efforts should also include leaving copies of the Amended Complaint and summonses for both Defendants at the residential and business addresses listed in the motion, followed by first class mailing of those materials to both Defendants at both addresses, as provided in Indiana Trial Rule 4.1 and utilized in *Washington supra*.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Alternative Service of Process [DE 18] as stated above. Plaintiffs shall serve both Defendants with copies of their Amended Complaint [DE 16] and alias summonses by first class mail, certified mail, and email, directed to each of the addresses stated in the motion. Plaintiffs shall also deliver copies of their Amended Complaint and alias summonses to both Defendants at both the residential and business addresses stated in the motion. If Plaintiffs are unable for any reason to effect such service by the December 14, 2020 deadline previously set, they may request a Telephonic Status Conference to explain the reasons why.

So ORDERED this 25th day of November, 2020.

                                        s/ Joshua P. Kolar  
                                        MAGISTRATE JUDGE JOSHUA P. KOLAR  
                                        UNITED STATES DISTRICT COURT